UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL OLSON,

    Plaintiff,

v.

THE CITY OF BAINBRIDGE ISLAND, a
Washington Municipal Corporation,

    Defendant.

Case No. C08-5513RJB

ORDER ON DEFENDANT CITY OF
BAINBRIDGE ISLAND'S MOTION TO:
(1) COMPEL COMPLETE DISCOVERY
RESPONSES; (2) STRIKE EXPERT
WITNESS AND PRECLUDE
PLAINTIFF'S USE OF ANY EXPERT;
AND (3) ORDER SANCTIONS
AGAINST PLAINTIFF'S COUNSEL
JANE RYAN KOLER

This matter comes before the Court on Defendant City of Bainbridge Island's Motion to: 1) Compel Complete Discovery Responses, 2) Strike Expert Witness and Preclude Plaintiff's Use of Any Expert; and 3) Order Sanctions Against Plaintiff's Counsel Jane Ryan Koler. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to these motions, and the remainder of the file herein.

## I. FACTS

Originally filed in Kitsap County, Washington, Superior Court, the Complaint in this action alleges that Plaintiff's federal constitutional rights and state laws were violated when the City of Bainbridge Island ("City") delayed Plaintiff's application for a plat approval and took other related actions. Dkt. 1. On August 21, 2008, the City removed the case to this Court. Dkt. 1. Plaintiff moved to file an Amended Complaint, and leave to do so was granted. Dkts. 10 and 19.

Trial is set for November 30, 2009. Dkt. 9. The expert disclosure deadline was June 3, 2009, and

ORDER
Page - 1

discovery is to be completed by August 14, 2009. *Id.*

This Opinion will address the motions in the following order: A) motion to compel, B) motion for sanctions pursuant to Fed. R. Civ. P. 37, and C) motion to strike and preclude Plaintiff's use of an expert.

## II. DISCUSSION

### A. MOTION TO COMPEL

Defendant moves the Court for an Order requiring Plaintiff fully and without objection answer the following interrogatories and requests for production. Dkt. 14. Defendant also seeks an award of attorneys' fees and costs associated with bringing the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.*

Fed. R. Civ. P. 26 (b)(1) provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

With that overall rule in mind, this portion of the Opinion is organized as follows: Defendant's interrogatory or requests for production, then Plaintiff's response, and finally the Court's ruling.

INTERROGATORIES

- **Interrogatory #1**: "Identify each and every expert witness the Plaintiff expects to call at the time of trial. For each expert identified in this interrogatory, please provide the following information . . ." Dkt. 16, at 12.

Plaintiff's Response: "Plaintiff objects to this Interrogatory the extent it seeks to impose obligations beyond those in the Civil Rules. Plaintiff will disclose all testifying experts in accordance with the Civil Rules." *Id.,* at 13.

**Ruling**: The motion to compel this interrogatory should be denied as moot. Parties acknowledge that Plaintiff has now disclosed his expert. *Id.* Although not fully clear, it appears that Plaintiff has provided the expert's report and other required documentation. *Id.* The motion to compel the Requests for Production #1-4 should be similarly denied. Defendant, purportedly due to the page limits set for replies, does not inform the Court what additional information, if any, it still needs in regard to Plaintiff's

named expert. Plaintiff's counsel's behavior toward the expert named in the Initial Disclosures shall be addressed in Section II. C. of this opinion. If specific information is still required, Defendant is free to renew it's motion, stating with specificity the responses it still seeks.

• **Interrogatory #2**: "Please state the name, address, and telephone number of each person who has any knowledge concerning the claims of liability and damages you have made in this lawsuit." Dkt. 16, at 13.

Plaintiff's Response: "Please see Plaintiff's Initial Disclosures as well as Defendant's Initial Disclosures." *Id.*

**Ruling**: The motion to compel an answer to Interrogatory #2 should be granted. Fed. R. Civ. P. 33 (b) (3) provides, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Plaintiff's Initial Disclosures is a four page pleading, a page and a third of which is dedicated to individuals likely to have discoverable information. Dkt. 7. The Defendant provided a 26 page list of parties who may have discoverable information in this case in their Initial Disclosures. Dkt. 5. Defendant is entitled to a separate and full answer from Plaintiff providing clarification. Although Plaintiff states that he was under the impression the parties had agreed his answer was adequate, the record is unclear on this point. Plaintiff should provide a more detailed answer.

• **Interrogatory #3**: "As to non-expert witnesses you expect to call at trial, please state the name, address, and telephone number and substance of their expected testimony." Dkt. 16, at 13.

Plaintiff's Response: "Objection - which non-expert witnesses Plaintiff intends to call at trial is work product, and the substance of a witness' expected testimony is work product." *Id.*

Plaintiff's Amended Response: Plaintiff has not yet determined the witnesses he intends to call at trial.

**Ruling**: The motion to compel an answer to Interrogatory #3 should be granted. Plaintiff has failed to show that a witness list, or the substance of a witness' expected testimony, is work product. Plaintiff should provide a complete answer.

• **Interrogatory #4**: Please list with specificity each and every injury, damage, or loss of any kind you claim to have sustained as a result of the acts, omissions of occurrences described in your Complaint and on which you base this lawsuit. Dkt. 16, at 14.

Plaintiff's Response: "Please see Plaintiff's Initial Disclosures. In addition to those damages, Plaintiff has incurred legal fees to prosecute this action." *Id.*

**Ruling**: The motion to compel an answer to Interrogatory #4 should be denied. Unlike was the case in Interrogatory #2, Plaintiff provides a list of damages in his Initial Disclosures, and states that he has been supplementing his responses, and will continue to "supplement his damages categories as necessary, and amend amounts claimed to comport with the evidence and testimony of this suit." Dkt. 21, at 6.

- **Interrogatory #5**: "With respect to Plaintiff, his agents, employees, consultants, contractors, or attorneys, state specifically each and every meeting, phone call, conversation, or contact, either in person or otherwise that you had with any agent, employee, representative or consultant of the [Defendant] regarding the subject property. For each such meeting, conversation, or contact of any kind, state specifically" Dkt. 16, at 14.

Plaintiff's Response: "Objection - it is unreasonably burdensome to demand that Plaintiff set out each communication with [Defendant] since 1999. The [Defendant] presumably has kept a record of contacts. Plaintiff further objects to the second subpart of this interrogatory because it is cut off." *Id.*

**Ruling**: The motion to compel an answer to Interrogatory #5 should be granted, in part, and denied, in part. Plaintiff argues that much of the information sought here is contained in documents produced by the Defendant. Dkt. 21, at 6. Plaintiff further states that unrecorded communications were discussed in response to other interrogatories. *Id*. Plaintiff should answer the first portion of the question to the extent that there were events described in the question that are not found in correspondence that the City produced. Although Plaintiff contends that unrecorded contacts were discussed in answers to other interrogatories, he fails to specify which answers. This information appears to be relevant to his claims regarding the timing and topics discussed with the Defendant regarding the subject property. Plaintiff should not have to answer the last sentence of the question because it is incomplete.

- **Interrogatory #6**: "In Paragraph 2.2 of your Complaint, you allege that Plaintiff initially intended to divide the subject property into nine (9) lots. Regarding this allegation, please state specifically and in detail how, when, where, and to whom Plaintiff communicated this desire for nine (9) lots to the [Defendant]." Dkt. 14, at 16.

Plaintiff's Response: "Plaintiff communicated this desire to the Planning Director at the time, which

was shortly before his Pre-Application was submitted. He went to City Hall to start finding out what he needed to do to subdivide the property. The zoning allowed for nine lots, but the Planning Director told him subdividing into nine lots would be 'extremely difficult' and would "stretch it [approval process] out.' Plaintiff does not recall the Planning Director's name, but he was male." *Id.*

**Ruling**: The motion to compel an answer to Interrogatory #6 should be denied. It appears that Plaintiff has answered this question. Moreover, Defendants do not dispute that this question was not discussed in their discovery conference.

- **Interrogatory #8**: "In paragraph 2.5 of your Complaint, you allege that the [Defendant] engaged in arbitrary and illegal conduct in an attempt to prevent Plaintiff's subdivision. Regarding this allegation, please state the following: a) Specifically and exactly each and every decision or action of the [Defendant] that was arbitrary and illegal. b) State specifically all facts and all evidence supporting this allegation." Dkt. 16, at 15.

Plaintiff's Response: "Objection - this type of contention interrogatory is unduly burdensome, in demanding 'each and every act.' Plaintiff further objects to the demand he set out 'all facts' and 'all evidence.' This type of 'blockbuster' contention interrogatory is disfavored in the courts. Subject to this objection, and without waiving same, Plaintiff believes that [Defendant] delayed his application at several points in the process to impeded his ability to develop the property, although [Defendant's] motivation is unclear. Delays in excess of those allowed by law on [Defendant's] part were illegal. For example, in late 1999, [Defendant] refused to allow a Class B water system, and insisted the property be developed to connect to City water. [Defendant] misrepresented the legal requirements to Plaintiff, insisting that other unnamed ordinances required City hook up even though the nearest hook up was more than 300' away. Plaintiff was only granted the permission for the Class B water system after he hired a lawyer. Later, [Defendant] insisted Plaintiff widen Lofgren Road as a condition of the short plat, despite the fact that [Defendant] had no authority to demand this condition. [Defendant] insisted that Hemlock Road be opened, and admitted in a meeting (Tom Bonsell and Melva Hill) that they only demanded this as leverage to obtain the widening of Lofgren which they knew they could not legally insist upon. [Defendant] (Stephen Morse) reclassified a stream on the property from a Class V to a Class IV without any basis. Additional acts are shown in documents produced or the City's own files." *Id.,* at 16.

**Ruling**: The motion to compel an answer to Interrogatory #8 should be denied. Plaintiff's objection is well taken. This interrogatory is overly broad. Moreover, Plaintiff has provided an answer and states that he will supplement his answer as the litigation proceeds. Dkt. 21, at 8. Although Plaintiff argues that this question was not discussed in the conference, it is unclear from the record whether this question was discussed in their discovery conference. In any event, the motion should be denied as to this interrogatory.

- Interrogatory #14: "Please state exactly how much money you are requesting in damages from the [Defendant] in this lawsuit. Additionally, please state exactly and with specificity: a) how this dollar amount was computed; b) what documentary evidence if any, supports this dollar amount; and c) the precise legal theory of legal authority which supports your claimed monetary damages." Dkt. 16, at 20.

Plaintiff's Response: "Objection - this interrogatory exceeds the allowable number of interrogatories. FRCP 33. Plaintiff further objects to providing documents which he or his attorneys believe supports his damages, as that is work product. Plaintiff further objects to Interrogatory No. 14 ©) as it expressly requests Plaintiff's attorneys's mental processes. Subject to these objections, and without waiving same, please see Plaintiff's Initial Disclosures and Complaint."

**Ruling**: The motion to compel an answer to Interrogatory #14 should be denied. Plaintiff states that the parties have come to an agreement on this question. Dkt. 21, at 8. Defendants do not dispute that statement.

## REQUESTS FOR PRODUCTION

- **Request for Production #1-4**: **Ruling**: The motion to compel these Requests for Production should be denied as moot as explained in the Holding section for Interrogatory #1.
- **Requests for Production #5**: "Please produce any and all documents of any kind which substantiate or support the claims and allegations you make that actions or lack of actions by the [Defendant] have damaged Plaintiff in any way." Dkt. 16, at 27.

Plaintiff's Response: "Objection- not only is this Request f00000or Production unduly burdensome and vague as requesting all documents which might substantiate Plaintiff's claim, but it invades attorney work

product, Plaintiff's attorney's mental processes and expressly seeks attorney client communications." *Id.*

**Ruling**: The motion to compel an answer to Request for Production # 5 should be granted, in part, and denied, in part. Plaintiff's objection regarding attorney client privilege is well taken. The Court finds it unlikely, however, that all documents in Plaintiff's possession "substantiating or supporting his claims and allegations" are protected by the attorney client or work product privilege. To the extent that the documents are protected by attorney client privilege, Plaintiff should produce a privilege log. The privilege log should comply with the requirements in Fed. R. Civ. P. 26 (B)(5)(A). To the extent that the documents are not protected, Plaintiff should produce them.

- **Request for Production #6**: "Please produce complete, true, and correct copies of all federal income tax returns for Michael Olson from 1997 to present." Dkt. 16, at 27.

<u>Plaintiff's Response</u>: "Objection- this Request seeks documents which are irrelevant and not likely to lead to the discovery of admissible evidence. The request is also unduly burdensome and invasive of Plaintiff's personal business." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #6 should be granted, in part, and denied, in part. Plaintiff's objection is well taken in so far as the years prior to 1999 (the year he first applied for a permit). Defendant argues that the information is relevant to show what tax deduction benefit (and thus offset) Plaintiff claimed on the property. Due to the limited purpose for which Defendant seeks the tax returns, Plaintiff should be ordered to provide a redacted version, showing only the tax deductions taken on the subject property.

- **Request for Production # 8**: "Please produce a complete, true, and correct copy of each and every appraisal or property valuation, as well as any addenda and/or supplementation thereto, performed on or relating to the [subject property] for the years 1997 through present." Dkt. 16, at 28.

<u>Plaintiff's Response</u>: "Objection- the time period 199l to present is overbroad. Plaintiff did not first approach the City until 1999. Subject to this objection, to the extent such a appraisals exist, these will be made available to Defendant for inspection and copying." *Id.*

**Ruling**: The motion to compel an answer to this Request for Production should be denied. Plaintiff's objections are well taken. Plaintiff states that since this answer was given, it has supplemented the record with all appraisals he has in his possession. Dkt. 21, at 12.

- **Request for Production # 9**: "Please produce a complete, true, and correct copy of each and every photograph, slide, negative, videotape, or motion picture, or digital version of the same, which depicts any item of physical evidence regarding any of the claims alleged in your Complaint, your claims for damages, and/or the subject properties." Dkt. 16, at 29.

Plaintiff's Response: "Objection- this Request is overbroad and vague in requesting photographs (etc.) which depict 'any item of physical evidence' regarding all the claims alleged 'and/or' the subject properties. Plaintiff further objects because photographs of the property are irrelevant to the claims made against [Defendant] and are not likely to lead to the discovery of admissible evidence." *Id.*

**Ruling**: The motion to compel an answer to this Request for Production should be denied. Plaintiff's objections are well taken. The Defendant has failed to show how this request is relevant.

- **Request for Production # 10**: "Please produce a complete, true, and correct copy of each and every market analysis and/or economic analysis, *pro forma* appraisal or valuation report prepared for or concerning the [subject property]. This request seeks market analyses and/or economic analyses, appraisals, *pro forma's*, valuations or reports, either performed for Plaintiff or any other party or entity, including banks and financial institutions, related to or involving the subject property that Plaintiff has in his possession or are [sic] aware of." Dkt. 16, at 29.

Plaintiff's Response: "Objection- this Request potentially invades attorney-client communications, attorney and party work product, and requests documents which might have been prepared by consulting experts. The Request also demands documents not within the control of Plaintiff. Subject to these objections, any appraisals or similar documents in Plaintiff's possession for a reasonable time period will be made available to Defendant for inspection and copying." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #10 should be denied, in part, and granted, in part. Plaintiff's objection regarding the documents not in his control is well taken. If there are documents responsive to this request, in Plaintiff's control, that Plaintiff contends are protected by some privilege, Plaintiff should produce a privilege log. Any other documents responsive to this request should be produced. The Court does recognize that Plaintiff states he has produced all responsive documents in his possession and will continue to search for any appraisals or similar documents. Dkt. 21, at 13.

- **Request for Production # 11**: "Please produce a complete, true, and correct copy of each and every application for financing for the development or improvement of the [subject property], market analysis and/or economic analysis, *pro forma* appraisal or valuation report prepared for or concerning the [subject property] by Plaintiff or any of his employees or agents, at any time, including supplemental applications, addendums, any related correspondence or other documents." Dkt. 16, at 30.

  Plaintiff's Response: "Objection- financial applications are not relevant to the claims against [Defendant], and could not lead to the discovery of admissible evidence." *Id.*

  **Ruling**: The motion to compel an answer to Request for Production #11 should be granted, in part, and denied, in part. Defendant has shown that these documents may contain some relevant information. To the extent these documents contain irrelevant personal financial information, Plaintiff may, if he chooses, produce redacted versions.

- **Requests for Production # 12 and 13**: **Ruling**: The motion to compel these Requests for Production should be denied as moot. Plaintiffs assert, and Defendants do not dispute, that the parties have come to an agreement on this Request.

- **Request for Production # 14**: "Please produce a complete, true, and correct copy of each and every document, invoice, receipt, check, draft, or other tangible item which supports or in any way relates to your claimed damages or losses relating to the [subject property] alleged in your Complaint." Dkt. 16, at 31.

  Plaintiff's Response: "Objection- this Request is overbroad and vague as essentially demanding any document relevant to the damages incurred." *Id.*

  **Ruling**: The motion to compel an answer to Request for Production #14 should be denied. Plaintiff states that he has already produced or "will produce any invoices, checks, or other evidence of the damages he has suffered which are in his possession or which he can locate." Dkt. 21, at 16.

- **Request for Production # 15**: "In paragraph 2.2 of your Complaint, you allege that you intended to divide the [subject property] into nine (9) lots. Please produce a complete, true, and correct copy of each and every document or record which supports, evinces or relates in any way to your allegation that you originally intended to divide the [subject property] into nine (9) lots." Dkt. 16,

at 32.

Plaintiff's Response: "Objection- this Request impermissibly invades attorney and party work product as it requests documents which Plaintiff believes supports his having initially planned to develop the property into nine lots. The Request is further overbroad in demanding "every" document which "relates in any way" to this fact. Finally, the Request potentially demands attorney client communications and work product. Subject to these objections, to the extent prior drawings are in existence, Plaintiff will produce those." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #15 should be granted, in part, and denied, in part. Again, Plaintiff's objections regarding privilege and work product are well taken, but Plaintiff should produce a privilege log. Plaintiff's Response states that he is attempting to locate and to "produce any nine-lot drawings (which would have been prepared in 1999)." Dkt. 21, at 16-17. To the extent that there are responsive documents in Plaintiff's control that have not been produced and that are not protected by some privilege, they should be produced.

- **Request for Production # 17**: "In paragraph 3.3 of your Complaint, you allege that the [Defendant] refused to process Plaintiff's subdivision application based on unadopted policies and codes. Please produce a complete, true, and correct copy of each and every document or record which supports, evidences, or relates in any way your to allegation that the [Defendant] took such action." Dkt. 16, at 34.

Plaintiff's Response: "Objection- this Request impermissibly invades attorney and party work product as it requests documents which Plaintiff believes supports his claims. The Request is further overbroad in demanding "every" document which "relates in any way" to Plaintiff's claims. Finally, the Request potentially demands attorney client communications and work product." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #17 should be denied in so far as he has responsive documents which are protected by the asserted privileges. If there are, as above, Plaintiff should produce a privilege log. The motion to compel an answer to Request for Production #17 should be granted in so far as he has responsive documents which are not protected by the asserted privileges.

- **Requests for Production # 18, and #19**: These Requests are similar to Request for Production

#17. They each recite one of Plaintiff's allegations: arbitrary actions by the Defendant in #18, and violation of Plaintiff's constitutional rights in #19, and then request Plaintiff "Please produce a complete, true, and correct copy of each and every document or record which supports, evidences, or relates in any way" to this claim or allegation. Dkt. 16, at 34-35.

<u>Plaintiff's Response</u>: Plaintiff responds in the same manner to these Requests as he did in Request for Production #17.

**Ruling**: The motion to compel an answer to Request for Production #18 and 19 should be denied in so far as there are responsive documents which are protected by the asserted privileges. If there are, as above, Plaintiff should produce a privilege log. The motion to compel an answer to Request for Production #18 and # 19 should be granted in so far as there are responsive documents which are not protected by the asserted privileges.

- **Request for Production # 20**: "Please produce a complete, true, and correct copy of each and every written or recorded statement that [Plaintiff] (including any of his agents or employees) has made to any person or entity regarding this lawsuit, and/or relating to any issue of liability or damages as alleged in your Complaint." Dkt. 16, at 35.

<u>Plaintiff's Response</u>: "Objection- this Request invades attorney client communications and work product. Further, [Defendant] is not entitled to obtain Plaintiff's statements. The Request is impermissibly broad and unduly burdensome in demanding statements that relate to any issue of liability or damages." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #20 should be denied. Plaintiff's objections are well taken.

- **Request for Production # 21**: "Please produce a complete, true, and correct copy of each and every document or tangible thing supporting your allegation that you have suffered damage or damages due to any act or omission of the Defendant." Dkt. 16, at 36.

<u>Plaintiff's Response</u>: "Objection- this Request seeks party and attorney work product, and is further overbroad and unduly burdensome in seeking, essentially, any document which relates to damages in any way." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #21 should be granted, in part,

and denied in part.  See the Ruling for Request for Production # 17.

- **Request for Production # 23**: "Please produce a complete, true, and correct copy of each and every document of any kind relating to, illustrating, or describing any of Plaintiff's development plans for the subject property at any time, including, but not limited to, drawings, photographs, illustrations, engineering studies, economic studies, feasibility studies, *pro formas*, marketing plans or brochures, advertising, or development materials." Dkt. 16, at 37.

<u>Plaintiff's Response</u>: "Objection- this Request is not only duplicative of other Requests submitted, but seeks irrelevant documents which are unlikely to lead to the discovery of admissible evidence." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #23 should be denied. Plaintiff's objections are well taken.

- **Request for Production # 24**: "Please produce a true, accurate, and correct copy of each and every letter, memorandum, or document of any kind rendering legal opinions regarding your property, your short plat or plat, or any other claims in this lawsuit either sent by you or an agent or attorney on your behalf to the City or from the City to you." Dkt. 16, at 37.

<u>Plaintiff's Response</u>: "Objection- this Request imposes the obligation on Plaintiff to determine whether communications contain "legal opinions."  Subject to this objection, and without waiving same, plaintiff will make available for inspection and copying communications he or his attorneys or agents have had with [Defendant] or its agents, employees or consultants." *Id.*

**Ruling**: The motion to compel an answer to Request for Production #24 should be denied. Plaintiff's objections are well taken.

### Conclusion on Motion to Compel

The Defendant's motion to compel (Dkt. 14) should be granted, in part, and denied, in part, as above.  Plaintiff should provide his amended responses, privilege log, documents, etc., by June 29, 2009.

### B.  MOTIONS FOR SANCTIONS UNDER FED. R. CIV. P. 37

Fed. R. Civ. P. 37(a)(5)(C):

> If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Both parties request attorneys' fees as a result of having to bring and respond to this motion.  Based upon

the fact that the motion to compel was granted, in part, and denied, in part, both parties should pay their own expenses. Both motions for sanctions brought pursuant to Fed. R. Civ. P. 37 (Dkt. 14 and 21) should be denied. Furthermore, all of the issues addressed above could have, and should have, been resolved by counsel without court involvement.

### C. MOTION TO STRIKE, TO PRECLUDE PLAINTIFF'S USE OF ANY EXPERT WITNESS AND FOR SANCTIONS

Plaintiff's Initial Disclosures list Anthony Gibbons as an expert. Dkt. 7, at 3. Counsel for the Defendant states that while working on another case with Mr. Gibbons, this case was mentioned. Dkt. 23. Mr. Gibbons indicated that he had never been contacted about this matter. Dkt. 24. The City states that it has made repeated attempts to get Plaintiff's counsel to explain the situation and Plaintiff's counsel did not substantively respond. Dkt. 23, at 1-4. Plaintiff then identified a different expert on the expert disclosure deadline. Dkt. 23. The City states that it is now prejudiced because it did not think Plaintiff was going to have an expert and so it did not retain one. *Id.* Plaintiff's counsel does not deny that at the time she filed Plaintiff's Initial Disclosures, she had not talked with Mr. Gibbons, much less retained him as an expert. Plaintiff's counsel states she was planning on hiring Mr. Gibbons as an expert, but that due to a personal illness, she did not have an opportunity to speak with him. Dkt. 21.

Fed. R. Civ. P. 26 (g)(1) provides:

Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made . . .

The Rule continues: "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer . . . . The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26 (g)(3).

Defendant's motion to strike Plaintiff's expert and preclude Plaintiff from using an expert should be denied. Plaintiff's counsel's mishandling of this matter was regrettable, but does not raise to the level of sanctions proposed by Defendant. Plaintiff's counsel signed Plaintiff's Initial Disclosures, knowing that Mr. Olson did not have knowledge about the case. Although Plaintiff's counsel asserts that she was ill, it appears from the record that Plaintiff has two lawyers assisting him (Dkt. 18-3) and that Plaintiff's counsel

did file a Motion to Amend Complaint (Dkt. 10) before the expert disclosure deadline. A sanction should be imposed against Plaintiff's counsel in the amount of $200.00, payable to Defendant. Plaintiff may utilize his expert. Defendant, however, should be given an extension of time to July 17, 2009 to disclose an expert, if any.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant's City of Bainbridge Island's Motion to Compel Complete Discovery Responses (Dkt. 14) **IS GRANTED, IN PART, AND DENIED, IN PART**, as above;
- Plaintiff's **SHALL** provide his amended responses, privilege log, documents, etc., by **June 29, 2009**;
- Defendant's Motion to for Sanctions Pursuant to Fed. R. Civ. P. 37 (Dkt. 14) is **DENIED**;
- Plaintiff's Motion to for Sanctions Pursuant to Fed. R. Civ. P. 37 (Dkt. 21) is **DENIED**;
- Defendant's Motion to Strike Expert Witness and Preclude Plaintiff's Use of Any Expert and for Sanctions (Dkt. 14) is **DENIED** except that Plaintiff's attorney Jane Ryan Koler **SHALL** pay Defendant $200.00;
- Defendant's Expert Disclosure Deadline is **RESET** to July 17, 2009; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of June, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge